IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
June 9, 2009 Session

## JACK ANDERSON BONNER, JR., v. JOHNNIE DOBYNS MILLER BONNER

**Direct Appeal from the Chancery Court for Sullivan County**
**No. K0034366(M)       Hon. John S. McLellan, III, Chancellor**

_____

**No. E2008-01102-COA-R3-CV  - FILED JULY 31, 2009**

_____

In this divorce action, the Trial Court granted the parties a divorce and awarded the wife $1,000.00 per month alimony. The husband appealed the award of alimony. We hold the Trial Court did not abuse its discretion in awarding alimony.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and JOHN W. McCLARTY, J., joined.

John P. Chiles, Kingsport, Tennessee, and Thomas F. Bloom, Nashville, Tennessee, for appellant, Jack Anderson Bonner, Jr.

Douglas R. Beier, Morristown, Tennessee, for appellee, Johnnie Dobyns Miller Bonner.

**OPINION**

The sole issue on appeal is whether the Trial Court abused its discretion in awarding alimony to the wife.

**Background**

Jack Bonner, ("husband"), filed a Complaint for Divorce against Johnnie Dobyns Miller Bonner ("wife"), stating the parties were married in 1979, and had one minor child, d.o.b. July 2, 1990. The husband averred that he was entitled to a divorce on the grounds of inappropriate marital conduct, and the parties had irreconcilable differences. The wife filed an Answer and Counterclaim, and after an evidentiary hearing, the Trial Court entered a Judgment of Divorce, and

found the husband was entitled to a divorce on the grounds of inappropriate marital conduct. The Trial Court designated the husband as primary residential parent of the parties' 17 year old daughter, and that wife should have co-parenting time every other weekend.

The Court found that the parties had divided their personalty, and awarded the husband his retirement of $180,765.00, and awarded the wife her retirement of $106,071.00.

The Court found the husband's business interest in Dent K. Burk Associates, PC., was valued at $85,258.20, and awarded the wife half of that amount, or $42,629.10. The Court found the husband's one-third interest in DKB Associates was valued at $139,662.90, and awarded one-half or $69,831.45 to the wife.

The Court found that the difference in the parties' retirement accounts was $74,694.00, and awarded one-half or $37,347 to the wife. The Court noted that it had considered all the factors in Tenn. Code Ann. §36-5-101(d), and awarded the wife alimony in futuro in the amount of $1,000.00 per month until the death of either party, or remarriage of the wife or retirement of the husband. The Court ordered that each party would pay their own attorney's fees, and would split the discretionary costs.

In its Memorandum Opinion, the Court found the wife had a monthly gross income of $5,447.00, and an estimated income in 2007 of $65,364.00. The Court found that the wife's health was good, and that the husband's health was also good, and that he had a monthly gross income of $5,200.00 plus a year end bonus. The Court found the parties had two children who were of majority age and one that was still a minor.

Regarding custody of the minor child, the Court found that of the factors listed in Tenn. Code Ann. §36-6-106, factors 1, 2, 3, 7, 8, and 10 were relevant, and that these factors weighed in the father's favor. The Court also found the child was 17 years old and expressed a preference to continue residing with her father, and that it was in the child's best interest to have the father designated as primary residential custodian, and for the mother to have co-parenting time every other weekend.

Finally, the Court stated that it had considered all of the factors listed in Tenn. Code Ann. §36-4-121, including the length of the marriage, the age, physical and mental health, skills, employability, and earning capacity of the parties, the financial needs of the parties, the ability of each party for future acquisitions of capital assets and income, the contribution of each party to the marital estate, etc. The Court found that in 2006, the husband's income was $154,344.00 and the wife's was $54,416.00. The Court found the wife's claimed expenses were somewhat speculative, but that she was economically disadvantaged relative to the husband. The Court said that regarding alimony, and of the factors listed in Tenn. Code Ann. §36-5-101(d), factors 1, 3, 9, and 11 were relevant, and that factor 11 was relevant because if it were not for the conduct of the wife, the divorce would not have happened. The Court found that mainly based on the wife's need and the husband's ability to pay, alimony of $1,000.00 per month was proper, and that there was no evidence

in the record that the wife could be rehabilitated.

On appeal, the husband insists that alimony was not appropriate because the wife suffered no detriment from the benefit of the marriage, had been employed at a high salary, and was financially self-sufficient, and he insists that he cannot pay alimony without going into debt each month.

Both parties agree that alimony awards are reviewed under an abuse of discretion standard. As this Court has previously explained:

> There are no hard and fast rules for determining whether a spouse should be required to support a former spouse. These decisions are heavily fact-dependent and require the careful balancing of many factors, including those identified in Tenn. Code Ann. §35-5-101(d)(1) (Supp. 1995). Appellate courts give wide latitude to trial court's spousal support and maintenance decisions. These decisions are, however, subject to appellate review. We will scrutinize them to determine whether they reflect a proper application of the relevant legal principles and whether they are supported by a preponderance of the evidence.
>
> The most common factors influencing spousal support decisions are the need of the spouse requesting support, the fault of the obligor spouse, and the ability of the obligor spouse to provide support.

*Crain v. Crain*, 925 S.W.2d 232, 233 (Tenn. Ct. App. 1996)(citations omitted).

Tenn. Code Ann. §36-5-121 provides that:

(I) In determining whether the granting of an order for payment of support and maintenance to a party is appropriate, and in determining the nature, amount, length of term, and manner of payment, the court shall consider all relevant factors, including:

> (1) The relative earning capacity, obligations, needs, and financial resources of each party, including income from pension, profit sharing or retirement plans and all other sources;
>
> (2) The relative education and training of each party, the ability and opportunity of each party to secure such education and training, and the necessity of a party to secure further education and training to improve such party's earnings capacity to a reasonable level;
>
> (3) The duration of the marriage;

(4) The age and mental condition of each party;

(5) The physical condition of each party, including, but not limited to, physical disability or incapacity due to a chronic debilitating disease;

(6) The extent to which it would be undesirable for a party to seek employment outside the home, because such party will be custodian of a minor child of the marriage;

(7) The separate assets of each party, both real and personal, tangible and intangible;

(8) The provisions made with regard to the marital property, as defined in § 36-4-121;

(9) The standard of living of the parties established during the marriage;

(10) The extent to which each party has made such tangible and intangible contributions to the marriage as monetary and homemaker contributions, and tangible and intangible contributions by a party to the education, training or increased earning power of the other party;

(11) The relative fault of the parties, in cases where the court, in its discretion, deems it appropriate to do so; and

(12) Such other factors, including the tax consequences to each party, as are necessary to consider the equities between the parties.

In this case, the proof established that the husband had a gross monthly income of $5,206.35, and the wife had a monthly gross income of $5,447.00. However, historically the husband has received a sizeable bonus at the end of the year, sometimes as much as $87,000.00, which increases his annual income substantially. The husband points out that the wife was awarded $20,000.00 per year out of the husband's bonus proceeds for approximately the next eight years to equalize the marital property distribution, unless the husband chooses to pay this judgment another way. However, this property settlement does not change the fact that the husband is earning a much greater income than the wife, as his gross earnings are typically 2.5 to 3 times more than the wife's. The first factor listed militates in favor of an award of alimony.

Other relevant factors which favor an alimony award to the wife, as found by the Trial Court, are the fact that this was a marriage of long duration (27 years), and the parties enjoyed a standard of living during the marriage which allowed them to be able to do such things as paying their daughters' school and living expenses while in college, to have their youngest daughter in a very costly dance academy, etc. The other factors listed in the statute do not favor one party over

another, as the parties are of similar age, both are educated, both and in good health, both contributed to the marital estate, and neither had substantial separate estates.

Based on factors 1, 3, 9, and based largely on the wife's need and the husband's ability to pay and the economic disparity between the parties, the Trial Court found that an award of alimony to the wife of $1,000.00 per month was appropriate.

The husband argues that he cannot meet his needs with payment of the amount of alimony, and thus does not have the ability to pay. The evidence, however, establishes the husband's net monthly income would be $7,940.31 ($4,121.39 plus $3,818.92 net average monthly amount attributed to bonus income). The husband admitted that the net bonus amount as figured by the husband also considered amounts he had to repay to the firm for loans he took against his partnership account, so the actual net bonus should have been much greater (which would actually mean a greater net income for the year). The husband's listed expenses totaled $6,879.87 per month, thus demonstrating the husband had an overage of more than $1,000.00 per month. He included living expenses for his adult child, as well as $1,500.00 per month for her college expenses, which the Court found should not be included as they were not truly an obligation that the husband had to pay. The evidence does not preponderate against the Trial Court's finding that the husband had the ability to pay the alimony award. Tenn. R. App. P. 13(d).

The husband next attacks the award on the grounds that the wife does not actually need alimony, as her monthly expenses were found to be inflated. It was shown that the wife had a gross monthly income of $5,447.00, and a net income of slightly more than $4,300.00 per month. The wife represented that her expenses would be $6,393.00 if she were renting or $7,678.00 if she bought a home, thus giving her a monthly shortfall of $2,000.00 or $3,320.00 per month. She admitted, however, that she had included expenses for her minor daughter for school supplies, clothing, gas, groceries, etc., assuming that she would be granted custody. She also included certain expenses that she did not necessarily have to pay, such as college expenses for her adult child, contributions to retirement, dance for the child, vacations, etc. She also included an expenses of $1,000.00 per month for attorney's fees, which would be an expense that would soon end. The Trial Court mentioned these facts in the Memorandum Opinion, and that it had considered such in finding that the award of $1,000.00 per month would be proper.

Reviewing the proof of income and expenses and all the factors, we cannot say the Trial Court abused its discretion in awarding $1,000.00 per month to the wife under the restrictions set forth in the alimony obligation. We affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to Jack Bonner, Jr.

_____
HERSCHEL PICKENS FRANKS, P.J.